**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gordon & Ferguson of Delaware, Inc., a Delaware corporation,

Plaintiff,

vs.

Gander Mountain, LLC, a Delaware limited liability company,

Defendant

Civil No. 00-CV-2356 MJD/SRN

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties to this action will need to disclose certain confidential information to the Court, to one another, and to non-parties in the course of this litigation as set forth herein; and

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered into by the Court without further notice in order to safeguard the confidentiality of certain information and documents, while allowing the opportunity for discovery;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. Any and all documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic materials ("information") falling within the following categories will be considered confidential:

   (a) Financial information, other than financial information available to the public;

   (b) Proprietary business information including, but not limited to, information concerning pricing, customers, suppliers, product technology, research and development, personnel matters, internal or third-party audits or investigations, and strategic planning;

   (c) Minutes of Boards of Directors or sub-committees thereof,

FEB 06 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(d) Employment contracts and material contained within personnel files;

(e) Any other information that a party in good faith determines to contain trade secret or other confidential commercial information may be made subject to this confidentiality order. A party shall give notice to the other party that such other information has been designated as "CONFIDENTIAL", which designation may be challenged by any party to this Agreement.

2. In addition, a party may designate as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any trade secrets or other proprietary, confidential or sensitive information which it believes in good faith to require a heightened level of protection, which designation may be challenged by any party to this Agreement; provided, however, that product revenues shall not be designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

3. All information falling within the above categories described in paragraphs 1 and 2, and all information derived therefrom, including deposition testimony, shall be referred to in this Stipulated for Protective Order as "Confidential Material." Confidential Material shall be used only fox the prosecution and/or defense of this action and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court orders, or with the explicit consent in writing of all the parties.

4. Any material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES' ONLY" pursuant to paragraphs 1 or 2 shall be indicated by conspicuously marking each page that contains, reflects or discloses such information or material. The designation shall take substantially the following form: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES' ONLY."

5. "Confidential Material" shall not be disclosed to any person other than the following:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action, and any and all insurers of any party or counsel and counsel for the insurers;

(b) Experts or consultants retained to assist counsel in this litigation, subject to the provisions of Paragraph 8;

(c) The parties or the parties' directors and employees, if such access is necessary to preparation of the case, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Order;

(d) Deposition or trial witnesses to the extent necessary for the preparation of the witness' testimony or for the examination of the witness in deposition or at trial;

(e) Stenographic reporters and/or video equipment operators engaged for deposition or other proceedings necessary to the conduct of the action;

(f) Employees of outside copy services used to make copies of discovery materials;

(g) Lenders, financiers, investors or other financial participants who are consulted by any party, provided: 1) that all such persons or entities execute an undertaking to be bound by this Stipulated Protective Order in the form attached as Exhibit A prior to disclosure and 2) that a copy of such signed undertaking is provided to the party producing the information

(h) The Court;

(i) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure.

6. "CONFIDENTIAL - ATTORNEYS EYES ONLY" information shall not be disclosed to any person other than the following:

(a) Outside legal counsel retained by or on behalf of any party (including the secretarial, office, and legal assistant staffs of such counsel);

(b) Consultants or expert witnesses retained to assist outside counsel in the preparation and trial of this action, subject to the provisions of paragraph 8;

(c) Charles Rothstein and Ian Schaffer, provided (1) that each of them executes an undertaking to be bound by this Stipulated Protective Order in the form attached as Exhibit A prior to disclosure and (2) that a copy of such signed undertaking is provided to the party producing the information.

(d) The Court;

(e) Deposition or trial witnesses, provided that the information in question was available to the witness prior to the commencement of this litigation;

(f) Stenographic reporters and/or video equipment operators engaged for deposition or other proceedings necessary to the conduct of the action;

(g) Employees of outside copy services used to make copies of discovery materials; and

(h) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure.

7. The failure to designate documents or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not constitute a waiver of such claim, and a party or non-party may so designate documents or information at a later time.

8. No person shall have access to information or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS EYES ONLY" without

having first read, acknowledged and agreed in writing to be bound by this Order (in the form of acknowledgment attached hereto as Exhibit A); provided, however, that those persons qualified under paragraph 5(a), (e), (f), and (h) and 6(a), (c), (e), (f) and (g) need not sign an acknowledgment. A file of all such written acknowledgments shall be maintained by counsel for the party obtaining them, and shall be made available to counsel for any other party upon a showing of good cause. All "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES' ONLY" material revealed to any third party during a deposition (other than to those persons who have previously executed a confidentiality undertaking to be bound by the terms of this Stipulated Protective Order), whether revealed by means of questioning or in the form of documentary evidence or exhibits, shall be ordered to be maintained confidential by the deponent and shall be used only for the prosecution and/or defense of this action, and may be disclosed only pursuant to subsequent order of court for good cause or with the explicit consent of all of the parties to this litigation. Furthermore, at the beginning of the deposition of any non-party witness (other than those persons who have previously executed a confidentiality undertaking as described above), the attorney taking the deposition shall be required to provide the witness with a copy of the protective order issued with respect to this matter.

9. Any party with custody of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or material shall take reasonable steps to

ensure the confidentiality of the information or material in accordance with the terms of this Order.

10. In the event of disclosure of materials or information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES' ONLY" to a person not authorized for access to such material under terms of this Order, the party responsible for having made such disclosure, and any party with knowledge of such disclosure, shall immediately inform counsel for the party whose information has thus been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone and each party will cooperate in that effort.

11. In the event a party seeking production of information (the "Requesting Party") disagrees in good faith with any designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" made by any other party (the "Designating Party"), the Requesting Party shall notify the Designating Party of its objection. If the parties are in good faith unable to resolve their disagreement, the Requesting Patty shall file with the Court and serve on the Designating Party a motion to disallow the designation or to modify the designation from "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to "CONFIDENTIAL." The Designating Party shall bear the burden of establishing that the materials are appropriately designated. If documents, information, or other materials are designated as "CONFIDENTIAL or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" and such designation is subsequently challenged, the material shall be treated as designated until further order of the Court or agreement of the parties.

12. In connection with the taking of any deposition in this action, the entire deposition transcript shall be temporarily treated as "CONFIDENTIAL" for a period of 15 days following receipt of the transcript. However, if any "ATTORNEYS' EYES ONLY" information is revealed, then the entire transcript shall be temporarily treated as "CONFIDENTIAL - ATTORNEYS EYES' ONLY" for the same period. Within 15 days after receipt of the transcript, any party may designate all or part of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

13. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party knowingly consents to such disclosure in writing or on the record, or if the Court, after notice to and an opportunity to be heard by all affected persons, allows such disclosure. The Order entered pursuant to the terms of this Confidentiality Agreement shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served.

14. Nothing contained herein shall prevent disclosure as required by law or compelled by order of the Court. If a nonparty, court, or governmental body requests or purports to require disclosure of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, the party from whom disclosure is sought shall immediately give written notice to the disclosing party so that the disclosing party

can take any protective measures it deems necessary. If a party is ordered to disclose "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material covered by this order, that party shall immediately give to the disclosing party notice of the order compelling the disclosure.

15. No party shall file with the Court any motion, brief or other papers containing or otherwise exhibiting, excepting and/or disclosing any information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" hereunder, unless said motion, brief, or other paper is filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the caption of this action, an indication of the nature of the contents, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement in substantially the following form:

> This envelope contains documents which were filed in this case by [name of party.] Pursuant to order of the Court, it is not to be opened nor shall its contents be displayed or revealed except by Court order or by stipulation of the parties.

16. The parties shall agree upon procedures to protect at any hearing the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" material and shall, prior to such hearing, submit any disputes relating thereto, to the Court for its approval or modification.

17. Within 60 days after the final termination of this action, all "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"material supplied by a party and all copies thereof and all excerpts therefrom (including without limitation, copies provided to testifying or consulting experts) shall be returned to the producing party or

certified, under oath, to have been destroyed. Notwithstanding the above, each attorney of record in this matter may retain one copy of all "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" provided to the Court with pleadings or identified as deposition or trial exhibits.

18. Any non-party from whom discovery is sought in this case who wishes to obtain the benefits of a Designating Party under this Protective Order may do so, provided that such non-party notifies the party (or their respective attorneys of record) in writing that the non-party will comply with the requirements stated herein.

Dated: 2/1/01

**DORSEY & WHITNEY LLP**

By [signature]

Peter Lancaster (# 159840)
Sri Sankaran (# 204304)
Pillsbury Center South
200 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600

**ATTORNEYS FOR DEFENDANT GANDER MOUNTAIN LLC**

Dated: 2/1/01

**BRIGGS AND MORGAN, P.A.**

By [signature]

Richard G. Mark (#67581)
Michael A. Mitchell (#25962')
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR PLAINTIFF GORDON & FERGUSON OF DELAWARE, INC.**

**SO ORDERED.**

Dated: February 5, 2001

Susan Richard Nelson

United States ~~Judge~~ Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gordon & Ferguson of Delaware, Inc.,
a Delaware corporation,

Plaintiff,

vs.

Gander Mountain, LLC, a
Delaware limited liability company,

Defendant.

Civil No. 00-CV-2356 MJD/SRN

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

I, ____________________, acknowledge that I have received and read a copy of the Stipulated Protective Order entered by the Court in this matter. I agree that I will be bound by the terms of this order, and will make no use or disclosure of information or material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" unless expressly permitted by the terms of this order, or by express written consent of all parties and any Designating Party who are subject to the provisions of this order.

Dated:____________________, 2000

______________________________
Signature

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.